**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MIKAYLA HOPE,** <br> **Individually and on behalf** <br> **of all others similarly situated,** | § <br> § <br> § <br> § <br> § | **Civil Action No. _____** |
| *Plaintiff,* | § <br> § | **JURY TRIAL DEMANDED** |
| v. | § <br> § <br> § | |
| **ALORICA, INC.,** | § <br> § | |
| *Defendant.* | § <br> § <br> § | **COLLECTIVE ACTION** <br> **PURSUANT TO 29 U.S.C. § 216(b)** |

<u>**ORIGINAL COLLECTIVE ACTION COMPLAINT**</u>

Plaintiff  Mikayla Hope ("Hope", or "Plaintiff") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Alorica, Inc., (hereinafter "Defendant", or "Alorica"), at any time during the relevant statute of limitations through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**I.**
**OVERVIEW**

1.      This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for Alorica, Inc., anywhere in the United States, at any time from June 22, 2017 through the final disposition of this matter, and have not been paid for all hours worked in violation of the FLSA.

3.      Specifically, Defendant has enforced a uniform corporate-wide policy wherein they improperly required their hourly call-center employees—Plaintiff and the Putative Class Members— to perform pre-shift work "off-the-clock" and without pay.

4.      Defendant's corporate-wide policies were developed and enforced, at least in part, within this jurisdiction, have caused Plaintiff and the Putative Class members to have hours worked that have not been compensated and have further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant statutes of limitation.

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10.     Plaintiff Mikayla Hope ("Hope") was employed by Defendant during the relevant time period. Plaintiff Hope did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11.     The Putative Class Members are those current and former hourly call-center employees who were employed by Defendant at any time from June 22, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Hope worked and was paid.

12.     Defendant Alorica, Inc. ("Alorica") is a foreign for-profit corporation and may be served with process through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

## III.
## JURISDICTION & VENUE

13.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201, *et. seq.*

14.     This Court has personal jurisdiction over Defendant because of Defendant's conduct within this District and Division.

15.     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16.     Specifically, Defendant has maintained a working presence throughout Texas (and the United States), and operates a call center in Corpus Christi, Texas, all of which is within this District and Division.

---

[1] The written consent of Mikayla Hope is hereby attached as Exhibit "A."

17.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

**IV.**
**ADDITIONAL FACTS**

24.     Defendant Alorica is business process outsourcing company that offers call center services to its clients through various call center locations across the United States.[2]

25.     Defendant is an employer pursuant to Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26.     To provide their services, Alorica, Inc. employs numerous hourly call-center employees–including Plaintiff and the individuals that make up the putative class.

27.     While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in Alorica's call centers throughout the United States.

28.     Plaintiff and the Putative Class Members' job duties consist of answering phone calls made by Defendant's potential or current customers, answering those customers' inquiries, selling insurance to those customers, and generally assisting Defendant's customers.

29.     Plaintiff Hope was employed by Defendant as a Customer Service Representative from approximately March 2019 to May 2019.

30.     Plaintiff and the Putative Class Members are non-exempt call-center employees that were (and are) paid by the hour.

31.     Plaintiff and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

32.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class members worked up to five hours "off-the-clock" per week and have not been compensated for that time.

---

[2] https://www.alorica.com/who-we-are/.

33.     Plaintiff and the Putative Class Members have not been compensated for all of these hours worked for Defendant as a result of Defendant's uniform corporate-wide policy and practice of requiring their hourly call-center employees to come to work before their shift start time, to prepare their computer "off-the-clock" and then clock in only when they are ready to receive their first call.

34.     Specifically, Plaintiff and the Putative Class Members were (and are) required to start and log-in to their computer, open multiple different computer programs, log-in to each program, and ensure that each program is running correctly, all of which can take up to one (1) hour before they are able to take their first phone call, which comes in as soon as their official shift starts.

35.     During this start-up time, Plaintiff and the Putative Class Members were not compensated although they were (and are) expected to have completed this process in advance of their official start time(s).

36.     Defendant required Plaintiff and the Putative Class Members to be logged on and have all the requisite computer programs running before their first phone call, at the start of their official shift.

37.     As such, Defendant required (and continues to require) Plaintiff and the Putative Class Members to perform their start-up tasks "off-the-clock" (and without pay) before their official shift begins.

38.     As a result of Defendant's corporate-wide policy and practice of requiring Plaintiff and the Putative Class Members to perform these start-up tasks while "off-the-clock" before the beginning of their shifts, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA.

39.     Defendant has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff and the Putative Class Members.

40.     Defendant has been aware of their obligation to pay for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members but has failed to do so.

41.     Defendant's actions therefore constitute a willful violation under the FLSA and were not made in good faith.

42.     Because Defendant did not pay Plaintiff and the Putative Class Members for all hours worked time-and-one-half for all hours worked in excess of forty (40) in a workweek, Defendant's pay policies and practices violate the FLSA.

**V.**
**CAUSE OF ACTION**

**A.      FLSA COVERAGE**

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     The FLSA Collective is defined as:

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ALORICA, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 22, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

45.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

47.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

48.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

49.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

50.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of Defendant who assisted Defendant's customers throughout the United States. 29 U.S.C. § 203(j).

52.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

53.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

54.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

55.      Defendant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

56.      Moreover, Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

57.      Defendant knew or should have known their pay practices were in violation of the FLSA.

58.      Defendant are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

59.      Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendant to pay them according to the law.

60.      The decision and practice by Defendant to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

61.      Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.    COLLECTIVE ACTION ALLEGATIONS

62.    All previous paragraphs are incorporated as though fully set forth herein.

63.    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

64.    Other similarly situated employees of Defendant has been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

65.    The FLSA Collective Members are defined in Paragraph 44.

66.    Defendant's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendant and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

67.    Thus, Plaintiff' experiences are typical of the experiences of the FLSA Collective Members.

68.    The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

69.    All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

70.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations.

72.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73.     Accordingly, the FLSA collective of similarly situated Plaintiff should be certified as defined as in Paragraph 44 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

74.     Plaintiff respectfully prays for judgment against Defendant as follows:

a.     For an Order certifying the FLSA Collective as defined in Paragraph 44 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all FLSA Collective Members;

b.     For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.     For an Order awarding the costs and expenses of this action;

e.     For an Order awarding attorneys' fees;

f.     For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.     For an Order awarding Plaintiff Hope a service award as permitted by law;

h.     For an Order compelling the accounting of the books and records of Defendant; at Defendant's expense; and

*Original Collective Action Complaint*                                                                                           Page 10

       i.       For an Order granting such other and further relief as may be necessary and

appropriate.

Date: June 23, 2020

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:      /s/ *Clif Alexander*
          **Clif Alexander**
          Federal I.D. No. 1138436
          Texas Bar No. 24064805
          clif@a2xlaw.com
          **Austin W. Anderson**
          Federal I.D. No. 777114
          Texas Bar No. 24045189
          austin@a2xlaw.com
          **Lauren E. Braddy**
          Federal I.D. No. 1122168
          Texas Bar No. 24071993
          lauren@a2xlaw.com
          **Alan Clifton Gordon**
          Federal I.D. No. 19259
          Texas Bar No. 00793838
          cgordon@a2xlaw.com
          **Carter T. Hastings**
          Federal I.D. No. 3101064
          Texas Bar No. 24101879
          carter@a2xlaw.com
          **John D. Garcia**
          Federal I.D. No. 3470124
          Texas Bar No. 24096174
          john@a2xlaw.com
          819 N. Upper Broadway
          Corpus Christi, Texas 78401
          Telephone: (361) 452-1279
          Facsimile: (361) 452-1284

          **Attorneys for Plaintiff and the Putative**
          **Class Members**